UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOEL VICTOR VALLE,

    Plaintiff,

v.

WESTVILLE CORRECTIANAL FACILITY,

    Defendant.

CAUSE NO. 3:20-CV-891-DRL-MGG

OPINION & ORDER

Joel Victor Valle, a prisoner without a lawyer, filed a complaint alleging that he was subjected to unconstitutional conditions while housed at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). The Eighth Amendment only protects prisoners from conditions that "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (citing *Jackson v. Duckworth*,

955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted) (emphasis in original).

Here, Mr. Valle alleges that the Westville Correctional Facility failed to provide him with "appropriate housing under Policy 01-04-101" because the call buttons in the building where he was housed are broken. ECF 1 at 2. Mr. Valle says he suffers from seizures and needs help quickly when he "feel[s] an attack coming on." *Id*. Because the call buttons don't work, guards advised him to "just scream for help," but the other inmates were often too loud for Mr. Valle to be heard. On December 18, 2019, Mr. Valle felt a seizure coming on and began to yell for help. He pounded his head on the door before passing out and waking up covered in blood. He was seen by a nurse, who told him to fill out a healthcare request form. Mr. Valle is still experiencing head pain from the incident. Although Mr. Valle has left the section of the complaint regarding requested relief blank, the grievance forms he references and attaches to the complaint state that he is seeking "proper housing" (*e.g.* transfer to a cell with a camera or call button) and help with his injury. *See* ECF 1-1 at 2–6, 9.

Since initiating this lawsuit, Mr. Valle has been transferred from the Westville Correctional Facility to the New Castle Correctional Facility. ECF 4. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal quotation marks and citation omitted);

*see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). "Allegations of a likely retransfer may not be based on mere speculation." *Higgason*, 83 F.3d at 811. There is no indication in the record that Mr. Valle is likely to be retransferred to the Westville Correctional Facility. Therefore, any injunctive relief he seeks against the Westville Correctional Facility or its Warden is now moot.[1]

For these reasons, this case is DISMISSED AS MOOT.

SO ORDERED.

November 23, 2020                                      *s/ Damon R. Leichty*
                                                       Judge, United States District Court

---

[1] In the event Mr. Valle is attempting to seek monetary damages against the Westville Correctional Facility, he may not do so as state agencies such as the Indiana Department of Correction—and the individual prisons that are a part of it—are immune from such a suit pursuant to the Eleventh Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).